ALAIMALO TUMUAIALI'I J. PORTER WOO for herself and
the HEIRS OF ALAIMALO PEPINE HENRY PORTER,
Appellant

v.

SIVIA SIVIA, Jr., BEN FALEAFAGA, PAPA FUATA, and
UTU SINAGEGE R.M. for himself and the UTU FAMILY,
Appellees

High Court of American Samoa
Appellate Division

AP No. 2-90

November 1, 1990

25

Before REES, Associate Justice, FONG*, Acting Associate Justice, KLEINFELD**, Acting Associate Justice, TAUANU'U, Chief Associate Judge, and LOGOAI, Associate Judge.

Counsel: Appellant Alaimalo Woo pro se

Per REES, J.:

This case arose from an offer of registration of land in Amouli called "Oloie." The trial court found that the designated land claimants, "Alaimalo Pepine Henry Porter and his heirs," did not own the land. *See Sivia v. Alaimalo*, 13 A.S.R.2d 95 (1989). The Court further rejected an alternate theory offered at trial by claimant Henry Porter and his daughter, to the effect that the land was communal property of the matai title "Alaimalo." Rather, the court noted that Oloie had been held to be communal property of the Utu and Paolo families in the case of *Utu v.*

---

* Honorable Harold M. Fong, Senior Judge, United States District Court for the District of Hawaii, serving by designation of the Secretary of the Interior.

** Honorable Andrew J. Kleinfeld, District Judge, United States District Court for the District of Alaska, serving by designation of the Secretary of the Interior.

*Fonoti*, 1 A.S.R. 208 (1907). Noting further that the Porter claimants were members of the Utu family who claimed their right to the land through an assignment by a former Utu title holder, the trial court held:

> The claim to an outright assignment, or surrender by Utu of his family's title to 'Oloie' . . . is not only inconsistent with law but also custom. Firstly, a matai assignment or designation of family land for the use of a particular family member does not divest the matai of his authority or "pule" over the land. . . . Moreover, a family member's continued right to use and occupy communal land holdings is conditional upon his providing tautua to the matai. . . . Finally, claimant's theory of assignment (of communal land) cannot be reconciled with legislative prohibition against matai alienation of land without compliance with certain statutory procedures, including the approval of the Governor of American Samoa.

*Sivia*, 13 A.S.R.2d at 98. The Court therefore rejected claimant's offer of registration. (The court expressed no opinion as to the exact extent of Utu family holdings in Oloie as against those of Paolo.)

Claimants' counsel filed a timely motion for reconsideration or new trial, which was denied by the Court on January 9, 1990.

On January 11, 1990, claimants' counsel filed a timely notice of appeal and request for an estimate of the transcript. The court reporter provided the requested estimate on January 16, 1990. The record then reflects that claimant/appellants neither ordered the transcript nor gave notice of intention to proceed without a transcript within the ten days required by Appellate Court Rule 10(b).

Nor did claimant/appellants file a brief. Rather, they simply abandoned the appeal until on or about September 24, 1990, when the Court received a letter from "Alaimalo, Tumuaiali'i J. Porter Woo." Ms. Woo is the daughter of the named principal claimant, Henry Porter. During the pendency of this proceeding she has acted as principal spokesperson for the claimants ("Alaimalo Henry Pepine Porter and His Heirs"), and in 1989 she replaced Henry Porter as the registered holder of the Alaimalo title. From her letter and from other recent entries in the Court's file, it appears that appellant Alaimalo Woo has discharged her counsel and has made an off-the-record arrangement with the court

27

reporter for production of a transcript. According to appellant's letter, however, this transcript is not an accurate one. It is in any case not an official one, not having been ordered within ten days with notice to the Court and to appellees as required by Appellate Court Rule 10(b)(1).

This appeal is subject to dismissal at the discretion of the Appellate Division under two distinct provisions of the Appellate Court Rules. First, since appellants did not comply with the provisions of Rule 10(b), the appeal may be dismissed in accordance with Rule 10(b)(5). Second, since appellant did not order a transcript of the proceedings within the requisite ten days, the entire record on appeal consisted of the pleadings and other papers filed in the court below, the clerk's docket entries, and the opinion of the trial court. *See* Appellate Court Rule 10(a). These documents having been deposited by the Clerk into the file of the present appeal on or about the day the notice of appeal was filed, appellant's brief became due forty days thereafter, on or about February 20, 1990. Appellate Court Rule 31(a). No brief having been filed, the appeal is subject to dismissal under Appellate Court Rule 31(c).

The September 24 letter from Alaimalo Woo recounts circumstances, including the death of Alaimalo Henry Porter in March of this year, which would have almost certainly have justified one or more brief extensions of the time for ordering a transcript and filing her brief if she had made a timely motion for such extensions. Even had such a timely motion been made, however, the Court would only have granted such extensions as would not have resulted in prejudice to the appellees. In recent years the Court has been especially careful not to grant extensions that would cause the hearing of an appeal to be delayed from one annual appellate session to the next.

By simply ignoring the deadlines rather than making motions to extend them, and by waiting over eight months before letting the Court know that she still wishes to prosecute her appeal, the appellant has presented the Court with a stark choice: either to dismiss the appeal or to force appellees to spend yet another year in litigation. (Appellant's neglect of her appeal has already made it impossible for the appeal to be heard at the 1990 appellate session. If the Court were to allow appellant even more time than she has already taken to secure an acceptable transcript and to file a brief, the appeal would probably not be heard until late 1991, about two years after the trial court held appellees to be the lawful owners of the disputed land.)

28

Under these circumstances we must deny appellant's motion. We are influenced not only by the length of the delay and the consequent prejudice to appellees, but also by the extremely slight possibility that the appeal would succeed on the merits. The argument raised in appellant's Motion to Reconsider, which is therefore the only argument she could raise on appeal, does not take issue with the trial court's finding that Henry Porter and his heirs are all members of the Utu family and that the Alaimalo/Porters were given the right to live on Oloie land by a former Utu title holder. Moreover, a formal "Motion to Grant Appellant Extension" recently filed by appellant Alaimalo Woo acknowledges that "Alaimalo Faimafili [Henry Porter's father] came onto the land, OLOIE through his uncle, Utu Aunnuua, who had become his guardian father." Appellant contends, however, that the trial court should have regarded Utu's assignment of the land to Alaimalo (then an untitled member of the Utu family) as equivalent to an outright surrender of the Utu family's property rights. For the reasons stated by the trial court, this contention is contrary to law and to Samoan custom.

As the trial court made clear in denying the motion to reconsider, a denial of appellant's offer to register the land does not mean that the Alaimalo/Porter people cannot continue to live on the land; it means only that their right to live on it derives from their membership in the Utu family and carries with it an obligation of service to Utu. Insofar as it would have the Appellate Division construe Utu's assignment of the land to Alaimalo Faimafili and the subsequent occupation of the land by members of his immediate family as giving rise to greater or different rights, the appeal would almost certainly fail. The only effect of a further extension, therefore, would be to inconvenience the appellees.

Accordingly, the motion is denied and the appeal is dismissed.

*It is so ordered.*